# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EUGENE LOREN, DANIELLE
HAGEMANN, and SALLY CHOE,
individually and behalf of all others
similarly situated,

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

    Defendant.

_____/

Case No. 05-74908

HONORABLE PATRICK J. DUGGAN

## ORDER

This matter is before the Court on Defendant Blue Cross and Blue Shield of Michigan's Emergency Motion For Stay and For Protective Order brought to the Court as the presiding judge in the absence of Judge Patrick Duggan.

Plaintiffs Eugene Loren, Danielle Hagemann and Sally Choe served a class action Complaint on December 28, 2005. On January 4, 2006, the Plaintiffs, in violation of Fed.R.Civ.P. 26(d), served discovery subpoenas on 27 hospitals throughout Michigan seeking production of contractual documents that Defendant claims are confidential, proprietary, and private between each hospital and the Defendant. On January 12, 2006 Defendant filed a Motion to Quash, pursuant to Fed.R.Civ.P. 26(d), which states "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

Defendant's Motion to Quash was referred to Magistrate Judge Komives, who heard the motion on February 14, 2006. Judge Komives denied Defendant's Motion to Quash. Defendant

filed objections to the Magistrate Judge's order on February 17, 2006. The Magistrate Judge declined to stay enforcement of its order pending Defendant's appeal to the District Judge.

Plaintiffs' counsel has already demanded production of the subpoenaed documents from various hospitals. Defendant seeks an order from this Court immediately staying enforcement of the subpoenas until the Court can rule on Defendant's objections to Magistrate Judge Komives' Order Denying Defendant's Motion to Quash.

Defendant also seeks entry of a protective order precluding or limiting disclosure of the subpoenaed documents claiming that disclosure of the subpoenaed documents will have "a significant impact on Defendant's reimbursement rates and arrangements with all 159 hospitals throughout the State of Michigan, and will disrupt and undermine its ability to provide the lowest cost health care to its 4.7 million individual members."

Defendant specifically seeks the following:

(a) That the hospitals would be identified by a system of coding, rather than disclosure of actual names; and
(b) That written assurance be given, prior to production of the requested documents, that the person(s) to whom they are disclosed (including counsel) does not have a conflict of interest by virtue of being employed by, representing, or consulting with any hospital or competitor of BCBSM.

(Def.'s Emergency Mot. at 3).

Following a phone conference with attorneys for both sides, Plaintiffs' counsel agreed to give written assurance that only counsel for Plaintiffs, Stephen F. Wasinger, will review all responses to the subpoena process until such time as this matter can be heard before Judge Duggan on Tuesday, February 21, 2006 or as such other time as Judge Duggan shall set. Accordingly,

IT IS ORDERED that Defendant's Emergency Motion For Stay and For Protective Order **[Docket No. 21, filed February 17, 2006]** is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Mr. Wasinger only shall review the documents until the Motion to Stay can be heard by Judge Duggan.

IT IS FURTHER ORDERED that the parties shall appear on Tuesday, February 21, 2006, at a time to be set by Judge Duggan.

      /s/ DENISE PAGE HOOD  
      DENISE PAGE HOOD  
      In the absence of the  
      HON. PATRICK J. DUGGAN  
      United States District Judge

DATED: February 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2006, by electronic and/or ordinary mail.

      s/William F. Lewis  
      Case Manager