UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE LOREN, DANIELLE HAGEMANN,
and SALLY CHOE, individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                 Case No. 05-74908
                                     Honorable Patrick J. Duggan

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 14, 2006 ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENAS AND LIFTING FEBRUARY 21, 2006 STAY OF THAT ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 9,2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit on December 28, 2005, claiming that Defendant is

violating its fiduciary duties pursuant to the Employee Retirement Income Security Act of

1974 ("ERISA").  Specifically, Plaintiffs allege that Defendant has entered into

agreements with participating hospitals which benefit Defendant's Blue Care Network to

the detriment of the ERISA self-funded plans Defendant administers, of which Plaintiffs

are beneficiaries.  In early January 2006, Plaintiffs served 27 subpoenas on various

1

participating hospitals, seeking production of contractual documents between the hospitals and Defendant.  Defendant and some of the hospitals subsequently filed motions to quash the subpoenas.  This Court referred those motions to Magistrate Judge Paul J. Komives.

On February 14, 2006, Magistrate Judge Komives conducted a telephonic hearing with respect to those motions.  Defendant's and the participating hospitals' primary argument in their motions and at the hearing was that the subpoenas were issued in violation of Rule 26(d) of the Federal Rules of Civil Procedure because they were served before the parties conducted a discovery conference.  Plaintiffs' counsel conceded that he technically violated Rule 26(d), but noted that he did not believe there would be an objection to the subpoenas because the documents are essential to Plaintiffs' case and thus will be produced eventually.  Plaintiffs' counsel further argued that Plaintiffs have sought injunctive relief in their complaint and that they need the documents in order to file a motion for preliminary injunction.

Relying primarily on Plaintiffs' need for the documentation sought in the subpoenas to pursue their motion for preliminary injunction, Magistrate Judge Komives concluded that the motions to quash should be denied.  Magistrate Judge Komives noted that the Defendant's and participating hospitals' primary objection to the subpoenas was the timing issue based on Rule 26(d) and that he had not heard any arguments regarding the confidentiality of the documents sought.  Magistrate Judge Komives issued a written Order on February 14, denying the motions and notifying the parties that they had ten

days from the date of the Order to file any written appeal to the district judge.

On February 17, 2006, Defendant filed objections to Magistrate Judge Komives'
Order.  In its objections, Defendant argues that the magistrate judge erred in failing to
quash Plaintiffs' subpoenas where Plaintiffs' counsel conceded that he violated Rule
26(d) and where Plaintiffs have not yet sought a preliminary injunction. On the same date,
Defendant also filed a separate emergency motion to stay enforcement of Magistrate
Judge Komives' Order pending this Court's decision with respect to Defendant's
objections.  This Court granted the motion to stay on February 21, 2006.

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review
this Court must apply when objections are filed with respect to a magistrate judge's ruling
on nondispositive matters.  The rule provides in relevant part: "The district judge to
whom the case is assigned shall consider such objections and shall modify or set aside
any portion of the magistrate judge's order found to be clearly erroneous or contrary to
law."  FED. R. CIV. P.  72(a).  The Court concludes that Magistrate Judge Komives'
decision is neither clearly erroneous nor contrary to law.

As Defendant conceded in its motion to quash, relief from Rule 26(d)'s
"moratorium might be appropriate in cases involving requests for a preliminary
injunction."  *See* Def.'s Mot. at 3.  Plaintiffs stated in their complaint that they are seeking
injunctive relief.  While Defendant is correct that Plaintiffs have not yet filed a motion for
preliminary injunction, Plaintiffs' counsel indicated at the hearing before Magistrate
Judge Komives that Plaintiffs need the documents sought in the subpoenas– which the

Court agrees are the essence of their complaint against Defendant– in order to pursue that

motion.

Accordingly,

**IT IS ORDERED**, that Defendant's objections to Magistrate Judge Komives'

February 14, 2006 Order are **DENIED**;

**IT IS FURTHER ORDERED**, that this Court's February 21, 2006 stay of that

Order is lifted.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Stephen F. Wasinger, Esq.
John H. Eggertsen, Esq.
K. Scott Hamilton, Esq.
Alan G. Gilchrist, Esq.
Christyn Scott, Esq.
Michael Blalock, Esq.

4