UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE LOREN and DANIELLE
HAGEMANN, on behalf of a putative class,

        Plaintiffs,

                                            Case No. 05-74908

v.                                            Honorable Patrick J. Duggan

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT AND
ADD BLUE CARE NETWORK AS A DEFENDANT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiffs filed this putative class action lawsuit on December 28, 2005, alleging that Defendant Blue Cross and Blue Shield of Michigan ("BCBSM") engaged in conduct violating its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461. Plaintiffs seek to represent a class of all participants and beneficiaries of ERISA self-funded plans for which BCBSM administers claims and/or handles plan assets. Presently before the Court is Plaintiffs' motion to file a second amended complaint, filed February 12, 2008.

In their motion, Plaintiffs seek to add: (1) factual allegations, (2) a claim against BCBSM for engaging in prohibited transactions in violation of § 406(a) of ERISA, 29 U.S.C. § 1106(a), and (3) a claim against a new defendant, Blue Care Network, alleging violations of § 406 of ERISA.[1] BCBSM filed a response on February 29, 2008, contending that Plaintiffs' second and third proposed amendments are futile.[2] The motion now is fully briefed and, on March 12, 2008, this Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

I.  **Standards Applicable to Plaintiffs' Motion**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. *See* FED. R. CIV. P. 15(a). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). As indicated previously, BCBSM contends that Plaintiffs' proposed amendments are futile and that, therefore, Plaintiffs' motion to amend the complaint should be denied.

"A proposed amendment is futile if the amendment could not withstand a Rule

---

[1] In their proposed second amended complaint, Plaintiffs fail to identify the specific provision within § 406 that they claim Blue Care Network violated.

[2] BCBSM does not oppose Plaintiffs' request to add new factual allegations to their complaint. (Def.'s Resp. at 1 n.1.) Thus the Court grants Plaintiffs' request to add those allegations.

2

12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Reviewing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and "determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Community Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, – U.S. – , 127 S. Ct 1955, 1974 (2007)). In other words, "[the] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Id*. (quoting *Twombley*, 127 S. Ct. at 1964-65).

II.     **Factual and Procedural Summary**

BCBSM is a health care corporation organized under the State of Michigan that administers and processes claims for various ERISA welfare benefit plans, including but not limited to self-funded health benefit plans sponsored and maintained by Ford Motor Company ("Ford Plan") and American Axle & Manufacturing Holdings Inc. ("American Axle Plan"). The terms and conditions pursuant to which BCBSM provides

3

administrative services to welfare benefit plans are governed by an "Administrative Services Agreement" ("ASA Contracts") between BCBSM and the plan and amendments thereto. BCBSM has entered into ASA Contracts with the Ford Plan and the American Axle Plan.

BCBSM also is the parent company of a health maintenance organization, Blue Care Network ("BCN"). BCBSM has negotiated agreements with various hospitals throughout Michigan with respect to the rates BCBSM will pay the hospitals for medical services rendered to BCN participants and beneficiaries and participants and beneficiaries in the self-funded ERISA plans administered by BCBSM.

Plaintiffs are participants in or beneficiaries of the Ford Plan or American Axle Plan administered by BCBSM. Plaintiffs claim that in its agreements with Michigan hospitals, BCBSM negotiated rates more favorable to its BCN than to the ERISA plans it administers. Specifically, Plaintiffs claim that BCBSM obtained the consent of the hospitals to accept lower payments from BCN in exchange for BCBSM's promise to pay those hospitals offsetting additional amounts from the self-funded ERISA plans. In their first amended complaint, Plaintiffs set forth two counts (Counts I and II) alleging that BCBSM's conduct constitutes a breach of its fiduciary duties under §§ 404(a)(1) and 406(b) of ERISA, 29 U.S.C. §§ 1104 & 1006.

In their proposed second amended complaint, Plaintiffs seek to add a third and fourth count. In Count III, Plaintiffs allege that BCN, as a "party in interest" to the agreements between BCBSM and Michigan hospitals, "participated in, and benefited [sic]

4

from, BCBSM's fiduciary breaches when BCBSM negotiated and entered into [those agreements] which allowed more favorable payment terms to BCN than to Self-Funded ERISA Plans administered by BCBSM." (Pls.' Mot., Ex. 1 ¶ 110.) Plaintiffs allege that the transactions between BCBSM and Michigan hospitals constitute non-exempt prohibited transactions in violation of ERISA § 406. (*Id*. ¶ 111.)

In Count IV of their proposed second amended complaint, Plaintiffs allege that BCBSM, as a party in interest, engaged in prohibited transactions in violation of § 406(a) of ERISA each time it negotiated its ASA Contracts with the Plan Sponsors of the self-insured ERISA plans. (*Id*. ¶¶ 40-41, 75-83, 116-120.) Specifically, Plaintiffs contend that BCBSM misrepresented and failed to disclose to the plans material facts relating to its compensation and that it obtained unreasonable compensation under the ASA Contracts. (*Id*. ¶¶ 78-82, 119.)

### III. Whether Plaintiffs' Proposed Amendments are Futile

Although Plaintiffs fail to specify which provision(s) of § 406 is alleged in Count III of their proposed second amended complaint, BCBSM interprets this count as alleging a violation of § 406(b). BCBSM argues that the amendment is futile because this section applies to fiduciaries, only. As BCBSM points out, the proposed second amended complaint does not allege that BCN acted in a fiduciary capacity with respect to the Ford Plan or American Axle Plan. BCBSM contends that "[t]he case law confirms that one cannot bring an ERISA section 406(b) claim against a non-fiduciary." (Def.'s Resp. at 4.) BCBSM, however, does not cite any case law to support this contention.

5

In fact, this Court has located several cases where courts held that a non-fiduciary party in interest can be liable for knowingly participating in a transaction prohibited by § 406(b). *See, e.g., LeBlanc v. Cahill*, 153 F.3d 134, 151-53 (4th Cir. 1998) ("Nothing in the decisions of our sister circuits nor in the Supreme Court's dicta in *Mertens* or *Lockheed* suggests that allowing equitable relief to be obtained from nonfiduciary parties in interest who participated in a transaction prohibited under ERISA § 406(a)(1) would be any different if the transaction were prohibited under ERISA § 406(b)(2) or § 406(b)(3)"); *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 25 (D.D.C. 2000) (same); *Quint v. Freda*, No. 98-CIV-4285, 1999 WL 65045, at *3 (S.D.N.Y. Feb. 11, 1999) (agreeing with *LeBlanc*). Thus the Court does not find that Count III of Plaintiffs' proposed second amended complaint is futile because BCN is not a fiduciary with respect to the alleged prohibited transactions. Therefore, the Court is not persuaded that Plaintiffs' request to amend their complaint to add Count III against BCN should be denied.[3]

Turning to Count IV of Plaintiffs' proposed second amended complaint, as set forth earlier, Plaintiffs allege in this count that BCBSM engaged in prohibited

---

[3]In reaching this decision, the Court is not finding that Plaintiffs' allegations in Count III set forth a prohibited transaction under §§ 406(a) or (b) for which BCN is liable. Instead, this Opinion is limited to rejecting BCBSM's only argument as to why the amendment is futile– i.e. that "one cannot bring an ERISA 406(b) claim against a non-fiduciary [party in interest]." As the Court anticipates that BCBSM will raise at a later time other arguments in support of the dismissal of this count, Plaintiffs should identify in their second amended complaint the specific provision(s) of the statute that they are alleging BCN violated.

transactions in violation of ERISA § 406(a). ERISA § 406(a) prohibits certain transactions between a plan and a party in interest. 29 U.S.C. § 1106(a). Specifically, as relevant to Plaintiffs' proposed amendment (*see* Pls.' Mot., Ex. 1 ¶ 41), § 406(a)(1)(C) provides:

> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect–
> . . .
> (C) furnishing of goods, services, or facilities between the plan and a party in interest; . . .

29 U.S.C. § 1106(a)(1)(C). Pursuant to ERISA § 408, however, "[c]ontracting or making reasonable arrangements with a party in interest" is permissible "if no more than reasonable compensation is paid therefor." 29 U.S.C. § 1108(b)(2).

Plaintiffs allege that the ASA Contracts between BCBSM and the self-insured ERISA plans violate § 406(a)(1)(C) because the compensation provided to BCBSM under those contracts is not reasonable. (*Id.* ¶ 118.) Elsewhere in their proposed complaint, Plaintiffs identify the plan sponsors as the fiduciaries and BCBSM as the party in interest in these prohibited transactions.[4] (*See, e.g.*, Pls.' Mot., Ex. 1 ¶ 77.) These allegations would state a sufficient claim under the statute but for the fact that Plaintiffs further allege that "whenever BCBSM negotiates for renewal and renews its ASA Contracts, BCBSM misrepresents material facts and fails to disclose material facts, *which would allow the*

---

[4]Pursuant to ERISA § 3(14)(B), a party in interest as to an employee benefit plan include "a person providing services to such plan." 29 U.S.C. § 1002(14)(B).

7

*fiduciary to make an informed determination about BCBSM's compensation* under the ASA Contracts." (*Id.* ¶ 78, emphasis added.)

Pursuant to the plain language of § 406(a)(1), to constitute a prohibited transaction in violation of the statute, the fiduciary must "know[] or should know" that the transaction provides unreasonable compensation to the party in interest. 29 U.S.C. § 1106(a)(1). However, it is precisely because BCBSM fails to disclose material facts or misrepresents material facts to the fiduciary– i.e. the plan– that Plaintiffs claim BCBSM is liable in Count IV of their proposed second amended complaint. (*See* Pls.' Mot., Ex. 1 ¶¶ 119-120.) Therefore, the Court concludes that this proposed amendment is futile.

**IV. Conclusion**

In summary, the Court cannot conclude at this time that Count III of Plaintiffs' proposed second amended complaint fails to state a claim under ERISA § 406(b). The Court therefore grants Plaintiffs' request to add BCN as a defendant and to add a claim against BCN alleging a violation of this section. The Court, however, concludes that it is futile to amend the complaint to assert Plaintiffs' proposed Count IV against BCBSM. Finally, as BCBSM does not oppose the addition of the new factual allegations set forth in Plaintiffs' proposed second amended complaint, the Court grants Plaintiffs' request to add those allegations.[5]

---

[5] Many of those allegations, however, relate to Count IV. As the Court is not granting Plaintiffs' request to add that count to their complaint, Plaintiffs' revised second amended complaint need not include those facts.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion to File a Second Amended Complaint and Add Blue Care Network as a Defendant is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Plaintiffs shall file a second amended complaint consistent with this Opinion and Order within ten (10) days of the date of this Opinion and Order.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
K. Scott Hamilton, Esq.
Stephen F. Wasinger, Esq.