UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE LOREN and DANIELLE
HAGEMANN, on behalf of a putative class,

      Plaintiffs,

v.

Case No. 05-74908

Honorable Patrick J. Duggan

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN and BLUE CARE NETWORK,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR REHEARING AND RECONSIDERATION OF COURT'S OPINION AND ORDER ON MOTION TO AMEND**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 1, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this putative class action lawsuit on December 28, 2005, alleging that Defendant Blue Cross and Blue Shield of Michigan ("BCBSM") engaged in conduct violating its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461. On February 12, 2008, Plaintiffs filed a motion to file a second amended complaint in which they sought to add Blue Care Network as a defendant and two counts to their complaint. In an opinion and order issued March 17, 2008, the Court granted Plaintiffs' request to add Blue Care Network and one of

Plaintiffs' proposed counts. The Court, however, rejected Plaintiffs' request to add a count alleging that BCBSM, as a party in interest, engaged in prohibited transactions in violation of § 406(a) of ERISA each time it negotiated its ASA Contracts with the Plan Sponsors of self-insured ERISA plans.

Presently before the Court is Plaintiffs' motion for reconsideration with respect to the Court's decision to not allow this amendment, filed March 27, 2008. The Court issued a notice on April 8, 2008, informing the parties that it would permit BCBSM to submit a response to Plaintiffs' motion, if it wished to respond. BCBSM filed a response on April 22, 2008. Plaintiffs filed a reply on April 25, 2008.

**Standard for Reconsideration**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the court shall not be granted. *Id*.

**Plaintiffs' Argument**

In their motion for reconsideration, Plaintiffs argue that the Court "did violence to the statutory scheme" by concluding that their ERISA § 406(a) claim against BCBSM was futile. Plaintiffs contend that a per se violation of § 406(a)(1)(C) occurs each time BCBSM executes an ASA contract with the fiduciary of a self-insured ERISA plan,

whether or not the fiduciary knows or should have known that the compensation to be paid under the contract was reasonable. Plaintiffs interpret the statute as requiring the fiduciary to only know that the transaction involves a party in interest furnishing goods or services or facilities to the plan. Plaintiffs further argue that once they allege a per se violation, the burden falls to BCBSM to prove that the compensation was reasonable.

**Analysis**

Plaintiffs' motion for reconsideration presents the same issues the Court ruled upon in its March 17 decision– the proper interpretation of ERISA § 406(a)(1)(C). That section of ERISA, in conjunction with the exemptions set forth in § 408, makes it a per se violation of a fiduciary's duties to cause a plan to engage in a transaction for services with a party in interest unless the compensation to be paid therefor is reasonable. 29 U.S.C. §§ 1106(a)(1)(C), 1108(b)(2). Because such transactions constitute per se violations of a fiduciary's duties– and thus the fiduciary is liable as well as the party in interest– the Court believes that a necessary element of a § 406(a)(1)(C) violation is that the fiduciary knows or should know that the transaction provides unreasonable compensation to the party in interest. However, as the Court indicated in its earlier opinion and order, Plaintiffs specifically alleged in their proposed amended complaint that "BCBSM misrepresents material facts and fails to disclose material facts, which would allow the fiduciary to make an informed determination about BCBSM's compensation under the ASA Contracts." (3/17/08 Op. and Order at 8, quoting Pls.' Mot. to Amend, Ex. 1 ¶ 78.) Nothing in Plaintiffs' motion for reconsideration changes this Court's interpretation of the

statute.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Rehearing and Reconsideration of the Court's Opinion and Order on Motion to Amend is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
K. Scott Hamilton, Esq.
Stephen F. Wasinger, Esq.